UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

A.H., a Minor, by and through his
Parent and Natural Guardian,
CHRISTOPHER HOWARD; and
CHRISTOPHER HOWARD, individually,

    Plaintiffs,                                            Case No. 3:23-cv-297

vs.

SHOCK DOCTOR, INC. and
ROCKY TOP SPORTS WORLD,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COME NOW** the Plaintiffs, A.H., a Minor, by and through his Parent and Natural Guardian, Christopher Howard and Christopher Howard, individually, by and through undersigned counsel, and sues Defendants, SHOCK DOCTOR, INC. and ROCKY TOP SPORTS WORLD, and alleges:

### PARTIES

1. At all times material hereto, Plaintiff, A.H., was a 17-year-old male residing in Maitland, Florida.

2. At all times material hereto, Plaintiff, Christopher Howard, was and is the natural and legal parent and guardian of Plaintiff, A.H., a minor, and resides in Maitland, Florida.

3. At all times material hereto, Defendant, Shock Doctor, Inc. (hereinafter "Shock Doctor"), was and is a for-profit Delaware corporation authorized and doing business in the State of Tennessee.

4. At all times material hereto, Defendant, Rocky Top Sports World (hereinafter "Rocky Top"), is a non-profit corporation authorized and doing business in the State of Tennessee, and the owner of the property located at 1870 Sports World Blvd, Gatlinburg, Tennessee, 37738.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 because this matter exceeds the sum or value of $75,000, exclusive of interest and costs, and it involves citizens and corporations of different states.

6. Venue is proper in the Eastern District of Tennessee, Northern Division because the incident complained of herein occurred in this judicial district in Gatlinburg, Tennessee.

## FACTUAL ALLEGATIONS

7. At all times relevant to this lawsuit, Defendant, Rocky Top, was the owner, manager, and operator of the indoor/outdoor sports complex located at 1870 Sports World Boulevard, Gatlinburg, Tennessee, 37738, where Plaintiff, A.H., was injured.

8. At all times relevant to this lawsuit Defendant, Shock Doctor, was/is in the business of selling protective equipment, including mouthguards to athletes, and was responsible for orchestrating, putting on, and overseeing a football tournament that

occurred on April 1, 2023, at Rocky Top Sports World, 1870 Sports World Blvd, Gatlinburg, Tennessee, 37738.

9. The tournament solicited teams from throughout the country for participation and included many top collegiate prospects, including Plaintiff.

10. Among the various designed and constructed sports fields, there is an astroturf field with a scoreboard in one of the end zones, directly adjacent to a cement sidewalk running parallel to the end zone; the scoreboard is supported by two steel beams that are exposed and unprotected.

11. Upon information and belief, Defendants designed and drew the lines and markings on the playing field for this particular event to create two sports fields in a space that is designed and constructed for a single regulation field.

12. Defendants designed the boundary of the end zone on the side of the field that Plaintiff was playing directly adjacent to a concrete sidewalk and the steel beams supporting the score board.

13. A.H. is an elite athlete and highly rated wide receiver with scholarship offers from multiple Division I football programs.

14. On or about April 1, 2023, A.H. was present to participate in the football tournament.

15. No protective material was placed by Defendants around the steel beams, nor were any other protective measures taken to protect athletes like A.H. from the risk of harm.

16. On or about April 1, 2023, A.H. played in a game in the field that was closest to the sidewalk and unprotected steel beams supporting the score board.

17. During the game, A.H. was involved in a play close to the boundary and went out of bounds at a high rate of speed.

18. In the normal course of the game, in a manner foreseeable to Defendants, A.H. was unable to stop his forward momentum in time and violently struck one of the steel beams supporting the scoreboard with his lower extremities.

19. As a result, A.H. suffered serious injuries to his body that required surgical intervention.

## COUNT I – NEGLIGENCE

20. Defendants had a duty to use reasonable care in the design, organization and creation of the playing field on which A.H. was injured at the time of the tournament on or about April 1, 2023, so that it was safe.

21. Defendants had a duty to ensure that the field was safe and that appropriate measures were taken to eliminate any dangerous conditions or, at the very least, to take appropriate precautionary measures to reduce the hazardous nature of any condition that could not be eliminated completely.

22. Defendants knew, or at the very least should have known, that designing the playing field with its boundaries in such close proximity to the exposed and unprotected metal beams supporting the score board posed a danger to players such as A.H., and it was reasonably foreseeable that participants playing on that field could be injured in the same manner as A.H.

23. Defendants had a duty to warn the parents of players, including Plaintiff Chris Howard, about the danger that the exposed steel beams so close to the playing field posed to their children.

24. Defendants breached their duties to Plaintiffs by failing to organize, design, and create a tournament playing field that was free from hazards that they knew or should have known about, by failing to take any corrective or precautionary measures to protect athletes like A.H. from a danger that they knew or should have known about, and by failing to warn parents like Plaintiff Christopher Howard about the danger that the unprotected and exposed steel beams in such proximity to the boundary posed to their children.

25. As a result of the incident and Defendants' negligence as detailed in part above, Plaintiff, A.H., a Minor, suffered significant past and future damages, including, but not limited to, physical pain and suffering, mental anguish, emotional distress, diminished capacity for enjoyment of life, loss of future earning capacity, and potential loss of future athletic scholarship opportunities and NIL (name, image and likeness) revenue.

26. Because of the medical care, services, supplies, and therapy required and actually given in the treatment of A.H., he has incurred medical expenses and will continue to incur such expenses in the future. His parent and natural father, Plaintiff Christopher Howard, is entitled to recover said damages from Defendants.

27. At all times material, A.H. exercised ordinary care for his own safety.

28. Plaintiffs, A.H., a Minor, by and through his Parent and Natural Guardian, Christopher Howard and Christopher Howard, allege that all of the injuries, losses and

damages claimed herein were directly and proximately caused by the negligence of Defendants.

29. Defendants have been properly served with process.

30. Defendants are 100% at fault for the incident.

31. Plaintiffs demand a trial by jury on all issues so triable.

**WHEREFORE**, the Plaintiffs, A.H., a Minor, by and through his Parent and Natural Guardian, Christopher Howard and Christopher Howard, individually demand a judgment against the Defendants, for the sum total of $2,500,000.00 in compensatory damages, and demand all further and general relief to which they may be entitled from the Court of this cause, including court costs, discretionary costs and pre-judgment interest on any judgment.

Dated: August 17, 2023

Respectfully submitted,

**FLORIN | GRAY**

**/s/ Hunter A. Higdon**_____
**HUNTER A. HIGDON, ESQ., #35546**
16524 Pointe Village Drive, Suite 100
Lutz, Florida 33558
Telephone No.: (727) 254-5255
Facsimile No.: (727) 483-7942
hunter@floringray.com
*Counsel for Plaintiff*

**THE TOLL FIRM, PC**

**/s/ Ali Toll**_____
**ALI TOLL, ESQ., BPR# 025732**
116 East Cedar Street

Goodlettsville, TN 37072
Phone: (615) 861-1101
Fax: (615) 992-3993
ali@tollfirm.com
*Local Counsel for Plaintiff*