UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| A.H., et al., | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) No.: 3:23-CV-297-KAC-JEM |
| SHOCK DOCTOR, INC., et al., | ) |
| | ) |
|     Defendants. | ) |
| ROCKY TOP SPORTS WORLD, | ) |
|     Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| EVENTUS, LLC, et al., | ) |
| | ) |
|     Third-Party Defendant. | ) |
| SHOCK DOCTOR, INC., | ) |
|     Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| EVENTUS, LLC, et al., | ) |
| | ) |
|     Third-Party Defendant. | ) |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

This matter is before the Court on Defendant Rocky Top Sports World's Motion for Leave to File Amended Answer and Counterclaim to Plaintiffs' Third Amended Complaint [Doc. 80] and the Motion for Leave to File Amended Answer and Counterclaim to Third Amended Complaint filed by Defendant Eventus Outdoors, LLC [Doc. 84]. Plaintiffs responded in opposition to both

motions [Docs. 92 & 93] and Defendants replied [Docs. 98 & 99].[1] For the reasons stated below, the undersigned **RECOMMENDS** that the District Judge **DENY** the motions [**Docs. 80 & 84**].

I. BACKGROUND

Plaintiffs filed this action against Defendants Shock Doctor, Inc., Rocky Top Sports World, and Eventus Outdoors, LLC, asserting negligence [Doc. 51]. Plaintiffs claim that Defendant Shock Doctor "was responsible for orchestrating, putting on, and overseeing a football tournament that occurred on April 1, 2023, at Rocky Top Sports World" in Gatlinburg, Tennessee, and that Defendant Eventus Outdoors "was responsible for creating, managing and operating the football tournament" [*Id.* ¶ 10]. Plaintiff A.H., "an elite athlete and highly rated wide receiver with scholarship offers from multiple Division I football programs," played in the tournament and, during the course of play, went out of bounds "at a high rate of speed" and "violently struck" a steel beam supporting the scoreboard [*Id.* ¶¶ 13–21]. Plaintiff A.H. sustained "serious injuries to his body that required surgical intervention" [*Id.* ¶ 22].

Defendants Eventus Outdoors and Rocky Top Sports World seek to amend their answers to assert a counterclaim against Plaintiffs based upon a "Liability and Image Release Waiver" signed by Plaintiffs [Docs. 80 & 84]. According to Defendants, the waiver "provides that Plaintiffs . . . agree to defend, hold harmless, and indemnify [Defendants Eventus Outdoors and Rocky Top Sports World] (including the payment of its attorneys' fees) with respect to any and all claims asserted by or on behalf of Plaintiff A.H. in any way related to or arising out of his attendance at,

---

[1] Defendants Eventus Outdoors, LLC and Rocky Top Sports World previously filed these motions [Docs. 61 & 62]. Plaintiffs responded [Docs. 64 & 65] and Defendants replied [Docs. 69 & 70]. Because the motions appeared to have violated Rule 5.2(a)(3) by including the minor plaintiff's full name, the Court instructed Defendants to refile the motions including only the minor's initials [Docs. 78 & 79]. The undersigned **RECOMMENDS** that the District Judge **DENY AS MOOT** the earlier-filed motions [**Docs. 61 & 62**].

2

participation in or travel to or from 7v7 football activities involving Shock Doctor, Inc. to the maximum extent permitted by law" [Doc. 84 ¶ 6; *see also* Doc. 80 ¶¶ 6–7]. They claim that the waiver allows them to recover "all damages, costs, expenses and attorneys' fees incurred by [them] arising from the claims asserted by Plaintiffs" [Doc. 84 ¶ 7; Doc. 80 ¶ 8].

Plaintiffs oppose the proposed amendment [Docs. 92 & 93]. Although the waiver indicates that California law would govern the agreement, Plaintiffs contend that Tennessee law applies because California has little interest in the suit and applying California law would undermine a fundamental Tennessee policy [Doc. 92 pp. 2–3; *see also* Doc. 93 pp. 2–3]. They argue that because "such pre-injury waiver and indemnity agreements are unenforceable under Tennessee law," Defendants' proposed counterclaims are futile [Doc. 92 p. 5; *see also* Doc. 93 p. 5].

Defendants contend that the relevant provision of the waiver is a valid, enforceable choice-of-law provision [Docs. 98 p. 2; *see also* Doc. 99 p. 2]. Defendants further argue that the counterclaims are not futile, as under California law, "pre-injury waiver[s] of liability, release, and/or indemnity agreement[s] signed by parents, such as done by Plaintiff Christopher Howard, may be enforced as to their children" [Doc. 98 p. 5; *see also* Doc. 99 p. 5].

## II.     STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 15, "the court's leave" is required for Defendants to file an amended answer. Fed. R. Civ. P. 15(a)(2). Rule 15 instructs that the Court "should freely give leave when justice so requires." *Id.*; *Foman v. Davis*, 371 U.S. 178, 182 (1962). Determining whether justice requires an amendment is a decision "committed to the district court's discretion." *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (citations omitted). The Court may deny a motion to amend upon finding a proposed amendment is futile—that is, where it would not

3

survive a motion to dismiss under Rule 12(b)(6). *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000).

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead facts that, if true, state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must construe the complaint in the light most favorable to the claimant, accept as true all well-pleaded factual allegations, and determine "whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Amadasu v. Christ Hosp.*, 514 F.3d 504, 506 (6th Cir. 2008) (quoting *Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

### III. ANALYSIS

When exercising diversity jurisdiction, as here [Doc. 51 ¶ 7], a federal court applies the choice-of-law rules of the forum state—in this case, Tennessee. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97 (1941). For contractual claims, Tennessee generally applies the law of the state in which the parties executed the contract or, if made in one place and to be performed in another place, then Tennessee applies the law of the place of performance. *Town of Smyrna v. Mun. Gas Auth. of Ga.*, 723 F.3d 640, 645–46 (6th Cir. 2013) (citing *Vantage Tech., LLC v. Cross*, 17 S.W.3d 637, 650 (Tenn. Ct. App. 1999)); *Trinity Commc'ns, LLC v. Titan Glob. Ent., Inc.*, No. 1-06-CV-205, 2007 WL 9734647, at *5 (E.D. Tenn. Mar. 9, 2007).

Where parties manifest a contrary intent through a choice-of-law provision, however, courts will enforce it so long as 1) the parties executed the provision in good faith; 2) the law and the transaction are materially connected; 3) the basis for the choice of another jurisdiction's laws is reasonable and not merely a sham or subterfuge; and 4) the chosen law is not contrary to the fundamental policies of a state with a materially greater interest and whose law would otherwise

govern. *Id.* at 646–47; *Blackwell v. Sky High Sports Nashville Operations, LLC*, 523 S.W.3d 624, 632 (Tenn. Ct. App. 2017) (citing *Goodwin Bros. Leasing, Inc. v. H & B Inc.*, 597 S.W.2d 303, 306 (Tenn. 1980)).

Here, the parties expressly contracted that California law would govern their agreement. There is no evidence that any party entered into this contract in bad faith and Plaintiffs do not allege such. Plaintiffs, rather, contend that California is neither materially connected nor substantially related to the transaction, as none of the parties are domiciled in California [Doc. 92 p. 3; Doc. 93 p. 3]. Defendants respond that both Eventus and Shock Doctor are domiciled in California, and therefore, the state is both materially connected and substantially related to the transaction [Doc. 98 p. 4; Doc. 99 p. 4].

As Plaintiffs state in the Amended Complaint, Eventus and Shock Doctor have principal places of business in California [Doc. 51 ¶¶ 3, 5], which the companies admit [Doc. 54, ¶ 5; Doc. 51 ¶ 3]. Accordingly, Eventus and Shock Doctor—parties to the waiver—are domiciled in California. This is sufficient to show there is "some logical connection" between California law and the contract. *Blackwell*, 523 S.W.3d at 633 (quoting *Black's Law Dictionary* 1066 (9th Ed. 2009) for the definition of "material"). This also provides a reasonable basis for applying California law. *Fed. Eng'rs & Constructors, Inc. v. Relyant Glob., LLC*, No. 3:19-cv-73, 2022 WL 1721454, at *3 (E.D. Tenn. May 27, 2022) (citing *First Response, Inc. v. TMC Serv., Inc.*, No. 13-cv-452, 2013 WL 5434712, at *7 (M.D. Tenn. Sept. 27, 2013)); *see also Kipin Indus., Inc. v. Van Deilen Int'l Inc.*, 182 F.3d 490, 494 (6th Cir. 1999) ("[D]omicile is sufficient to meet the substantial relationship test . . . ." (citing Restatement (Second) of Conflict of Laws § 187(a)(2) (Am. L. Inst. 1988))).

5

That brings the analysis to the final factor, which is whether the chosen law—that is California law—is contrary to the fundamental policies of a state with a materially greater interest and whose law would otherwise govern. Had the parties not agreed that California law would govern claims relating to Plaintiffs' participation, Tennessee law would seem to apply.[2]

"[F]or the chosen state's law to violate the fundamental policy of [another state], it must be shown that there are significant differences in the application of the law of the two states." *Lubinski v. Hub Grp Trucking, Inc.*, No. 2:14-cv-02843, 2015 WL 10732716, at *4 (W.D. Tenn. Sept. 22, 2015) (quoting *Tele–Save Merch. Co. v. Consumers Distrib. Co., Ltd.*, 814 F.2d 1120, 1123 (6th Cir. 1987)). But "a party must assert more than that the chosen law will dictate a different result." *Fed. Eng'rs & Constructors, Inc.*, 2022 WL 1721454, at *3 (citing *ServPro Ind., Inc. v. Woloski*, No. 17-cv-1433, 2019 WL 3552516, at *2–3 (M.D. Tenn. Aug. 5, 2019)). A law is contrary to the public policy of a state when it "violate[s] some prevalent conception of good morals or fundamental principle of natural justice or involve injustice to the people of the forum state." *Wirtgen Am., Inc. v. Hayden-Murphy Equip. Co.*, No, 3:22-cv-00308, 2023 WL 5917404, at *9 (M.D. Tenn. Sept. 11, 2023) (citing *Williams v. Smith*, 465 S.W.3d 150, 157 (Tenn. Ct. App. 2014)).

With respect to this factor, both parties discuss *Blackwell v. Sky High Sports Nashville Operations, LLC*. In *Blackwell*, the court affirmed the policy of Tennessee previously announced in *Childress v. Madison County*, 777 S.W.2d 1 (Tenn. Ct. App. 1989): "parents may not bind their

---

[2] The only laws discussed as potentially applicable by the parties are California and Tennessee. Put differently, it appears there is no dispute that Tennessee law would govern absent the choice-of-law provision. Indeed, application of Tennessee law seems supported by the caselaw, either because the contracts were executed in Tennessee or because Tennessee was the place where the contract was to be performed. *Town of Smyrna*, 723 F.3d at 645–46; *Trinity Commc'ns, LLC*, 2007 WL 9734647, at *5.

minor children to pre-injury waivers of liability, releases, or indemnity agreements." 523 S.W.3d at 656. In other words, "[i]t is Tennessee's state public policy to protect minors and prohibit exculpatory releases for them." *Bonne v. Premier Athletics, LLC*, No. 3:04-cv-440, 2006 WL 3030776 at *5 (E.D. Tenn. Oct. 23, 2006); *see also Childress*, 777 S.W.2d at 7 (explaining that Tennessee's law against this type of waiver reinforces the policy of "affording protection in the law to the rights of those who are unable effectively to protect those rights themselves").

Under California law, on the other hand, courts will enforce waivers of ordinary negligence claims in recreational activities because "[e]xculpatory agreements in the recreational sports context do not implicate the public interest and therefore are not void as against public policy." *Brown v. El Dorado Union High Sch. Dist.*, 292 Cal. Rptr. 3d 72, 89–90 (Cal. Ct. App. 2022) (alteration in original and citation omitted) (enforcing an express waiver of negligence claims signed by a minor and his father before the minor participated in recreational sports); *see also Hohe v. San Diego Unified Sch. Dist.*, 274 Cal. Rptr. 647, 649 (Cal. Ct. App. 1990) (explaining that "[t]he public as a whole receives the benefit of . . . waivers [giving up the right to sue] so that groups such as Boy and Girl Scouts, Little League, and parent-teacher associations are able to continue without the risks and sometimes overwhelming costs of litigation" and finding release signed by high school student and father before student participation in a school hypnotism show was not void against public policy). Courts, however, will not enforce releases of liability for future gross negligence. *Brown*, 292 Cal. Rptr. 3d at 90.

This policy variance yields a "significant difference[]" in applying the law of the two states at issue. *See Lubinski*, 2015 WL 10732716, at *4 (quoting *Tele–Save Merch. Co.*, 814 F.2d at 1123) (explaining that "[t]he absence of a Tennessee statute identical to the [statute in Illinois] is not

7

alone sufficient to prove a 'significant difference' because Plaintiff can still seek relief in Tennessee" under Tennessee common law). California's law would allow the Court to enforce the waiver as to ordinary negligence, while Tennessee's law would not.[3] Accordingly, California law is contrary to the fundamental policies of Tennessee, whose law would otherwise seem to govern. *See Kroger Specialty Pharm. FL2, LLC v. Genefic Specialty Pharm., Inc.*, No. 3:23-cv-1217, 2024 WL 1774000, at *10–11 (M.D. Tenn. Apr. 24, 2024) (declining to honor choice-of-law provision upon finding that enforcement of chosen law would violate Tennessee public policy), *appeal docketed*, No. 24-5513 (6th Cir. May 28, 2024).

Defendants' counterclaims are "directly based on the Liability and Image Release Waiver . . ." [Doc. 98 p. 2; Doc. 99 p. 2]. Because the chosen law for that waiver—California— would violate Tennessee's fundamental public policy, the law of Tennessee would preclude

---

[3] In evaluating the enforceability of these types of waivers, some courts examine whether the entity seeking to enforce the waiver is for-profit or not-for-profit. *See Miller ex rel. E.M. v. House of Boom Ky., LLC*, 575 S.W.3d 656, 658–60 (Ky. 2019) (collecting cases); *see, e.g.*, *In re Complaint of Royal Caribbean Cruises Ltd.*, 459 F. Supp. 2d 1275, 1279–81 (S.D. Fla. 2006). Eventus Outdoors LLC is a for-profit corporation; Defendant Rocky Top Sports World is a non-profit corporation [Doc. 51 ¶¶ 4–5; Doc. 52 ¶ 4; Doc. 54 ¶ 5]. But this does not appear to make a difference under either California or Tennessee law, and no party argues that it does. Tennessee courts have enforced neither a waiver between a parent on behalf of a minor and a non-profit corporation nor a waiver between a parent on behalf of a minor and a for-profit corporation. *Childress*, 777 S.W.2d at 5, 7 (declining to enforce waiver between parent and agents of the Special Olympics); *Blackwell*, 523 S.W.3d at 656 (declining to enforce waiver against for-profit trampoline park). And Tennessee courts have rejected the argument that enforcing these waivers is necessary to protect non-profit organizations which provide recreational activities for youth. *Childress*, 777 S.W.2d at 7–8 (concluding that not enforcing waivers signed on behalf of minors would not have a chilling effect on youth recreational activities); *Blackwell*, 523 S.W.3d at 655–66 (finding no evidence that not enforcing liability waivers hindered youth recreational activities). California courts have enforced waivers made by parents on behalf of minors and both for-profit and not-for-profit entities. *See, e.g.*, *Brown*, 292 Cal. Rptr. 3d at 89–90 (school district); *City of Santa Barbara v. Superior Ct.*, 38 Cal. Rptr. 3d 434, 438–42 (Cal. Ct. App. 2006) (municipality), *aff'd on other grounds*, 161 P.3d 1095 (Cal. 2007); *Platzer v. Mammoth Mountain Ski Area*, 128 Cal. Rptr. 2d 885, 887–90 (Cal. Ct. App. 2002) (corporate ski operator); *Adams v. Tabor-Smith*, No. B151238, 2002 WL 31082390, at *3 (Cal. Ct. App. Sept. 17, 2002) (unpublished) (commercial photographer).

enforcing the waiver. The proposed claims to enforce the waiver, therefore, would not survive a motion to dismiss under Rule 12(b)(6). This makes the proposed amendments futile.

## IV.     CONCLUSION

For the reasons explained above, the undersigned **RECOMMENDS**[4] that the District Judge **DENY** Defendant Rocky Top Sports World's Motion for Leave to File Amended Answer and Counterclaim to Plaintiffs' Third Amended Complaint [**Doc. 80**] and the Motion for Leave to File Amended Answer and Counterclaim to Third Amended Complaint [**Doc. 84**] filed by Defendant Eventus Outdoors, LLC. The undersigned further **RECOMMENDS** that the District Judge **DENY AS MOOT** the earlier-filed motions [**Docs. 61 & 62**].

Respectfully submitted,

Jill E. McCook
United States Magistrate Judge

---

[4] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Tchrs.*, 829 F.2d 1370, 1373 (6th Cir. 1987).